■ Donald Wilkinson, Appellant, v Francis J. Sukiennik et al., Defendants, and Robert Hoelscher, Respondent.—Order unanimously reversed, on the law, without costs, and judgment declared, in accordance with the with the following memorandum: Plaintiff brought suit under RPAPL article 15 to compel the determination of claims to real property. After a nonjury trial, the court ruled that plaintiff could either obtain title to the property from defendant upon tendering the balance of the purchase price plus accrued interest or forfeit any interest he may have in the property.

The plaintiff entered into a contract with Richard Voight to purchase the property in question. The contract required the plaintiff to acquire a mortgage for the property by a certain date. If the plaintiff failed to obtain the mortgage, either party could rescind the contract by giving written notice and the plaintiff's down payment would be refunded. The plaintiff moved into the premises and unsuccessfully sought to obtain a mortgage. In light of plaintiff's inability to obtain a mortgage, Voight sold the property to defendant Sukiennik, who had notice of plaintiff's interest in the property. Sukiennik, unable to evict plaintiff from the premises, sold the property to defendant Hoelscher. The 1977 sales contract gives plaintiff an

equitable right in the property *(see, Bean v Walker,* 95 AD2d 70).

The trial court was in error in directing plaintiff to forfeit his interest in the property and that defendant would be entitled to an order of ejectment if plaintiff did not tender the balance of the purchase price. Defendants have never given notice of cancellation, nor have they offered to return the down payment as required by the contract.

We hold that the trial court was limited to finding that the defendant Hoelscher has legal title to the property and plaintiff has an equitable interest in the amount of $15,000. Unless the contract is sooner terminated by notice of rescission, the plaintiff is entitled to a deed of the property upon tendering the balance of the purchase price, without interest, and should the contract be rescinded, plaintiff is entitled to the return of $15,000, without interest, and judgment is declared accordingly. (Appeal from order of Supreme Court, Erie County, Joslin, J.—compel determination of claim to real property.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.