■ Donald Wilkinson, Appellant, v Francis J. Sukiennik et al., Defendants, and Robert Hoelscher, Respondent.—

This order is contrary to our order of January 24, 1986 [116 AD2d 987], as amended on April 4, 1986 [119 AD2d 1011], wherein we held that until the contract is terminated, defendant has an equitable interest in the property and that, except for the order of February 25, 1985 (which granted defendant Hoelscher a judgment for $500), plaintiff is not obligated to pay rent for the period of his occupancy because the contract makes no provision for rental payments. The contract provides that it may be canceled "by giving written notice of such cancellation to the other party, in which event the monies paid on account hereof shall be returned to purchaser and this contract shall become null and void and neither party hereto shall have claim against the other". Although plaintiff concedes that the contract was canceled and the $15,000 tendered

after the date of our prior order, there is no evidence in the record concerning the date of cancellation. Because plaintiff is not obligated to pay rent for the period before the cancellation of the contract, we delete that part of the order appealed from directing plaintiff to pay the sum of $500 per month as rent beginning February 1985. This determination shall not preclude defendant Hoelscher from bringing any action or proceeding that may lie to recover rents for the period of occupancy after the termination of the contract. We do not, however, pass upon the merits of such an action or proceeding. (Appeal from order of Supreme Court, Erie County, Joslin, J.—ejectment.) Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.